**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK D BROWN,

Plaintiff,

Case No. 2:24-cv-11825

v.

Hon. Brandy R. McMillion
United States District Judge

US POSTMASTER GENERAL,

Defendant.
______________________________/

# OPINION AND ORDER OF SUMMARY DISMISSAL FOR FAILURE TO PROSECUTE

Plaintiff Mark D. Brown ("Plaintiff") filed this employment discrimination action against Defendant United States Postmaster General ("Defendant") for hostile work environment and discriminatory treatment on July 15, 2024. *See generally* ECF No. 1. On January 23, 2026, Defendant filed a Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. *See* ECF No. 32. Plaintiff's Response to the Motion was due on February 13, 2026. E.D. Mich. L.R. 7.1(e)(2). As of August 11, 2026, Plaintiff had filed no response, prompting the Court to issue its Order to Show Cause Why This Case Should Not be Dismissed for Failure to Prosecute. ECF No. 34. In its Order, the Court warned Plaintiff that failure to litigate his claims or properly respond to the Order could result in dismissal of the case pursuant to Local Rule 41.2. ECF No. 34, PageID.262-263. Plaintiff filed a response to the Order and to

the Defendant's Motion on August 18, 2026. The Court is not satisfied with Plaintiff's response to the Order because it fails to provide a sufficient basis for these claims to proceed.

Consequently, for the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

**I.**

Under Federal Rule of Civil Procedure 41(b), federal courts may *sua sponte* dismiss a case for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion." *Link*, 370 U.S. at 629. Further, the Local Rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating Rule 41(b) dismissal of an action, the Court considers four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

## II.

Here, the factors collectively weigh in favor of dismissal. Starting with the first factor, courts will find that a plaintiff was motivated by willfulness, bad faith, or fault if the plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). Within three months of Plaintiff filing this action, the Court entered its first Order to Show Cause for Failure to Prosecute with a deadline of November 6, 2024. ECF No. 4. As of November 20, 2024, Plaintiff had failed to file a Certificate of Service of the Complaint on Defendant; failed to request additional time to serve the Complaint after the summons expired on October 16, 2024; and failed to respond to the Court's Order to Show Cause. On the same day, the Court issued an Order to Notify the Court, instructing Plaintiff to cure these deficiencies or inform the Court of his plan to proceed, and stating that failure to do so would result in dismissal. ECF No. 5, PageID.25. Only then did Plaintiff take action to comply with the Court's orders and explain that the delay was the result of counsel's recent health problems. ECF No. 6, PageID.27.

Counsel represented to the Court that he obtained co-counsel in this case to offer additional support and asked the Court to allow the claims to go forward. However, the delays continued when Plaintiff failed to provide his confidential

settlement statement to Magistrate Judge Curtis Ivy, Jr ahead of a January 21, 2026 settlement conference, and failed to take any steps to defend against Defendant's Summary Judgment Motion for almost seven months. Now, nearly two years after Plaintiff initiated this action, the Court is once again having to remind Plaintiff of his responsibilities to litigate his own case. His conduct shows "willfulness and fault in that he [is] ***at best*** extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739 (citations and internal quotations omitted)(emphasis added).

As to the second factor, there is reason to believe that Plaintiff's conduct would prejudice the Defendants. To find prejudice, courts examine whether the defendants "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, Defendant has sought to address the Plaintiff's claims by filing its Motion for Summary Judgment and was forced to wait 7 months without any action from the Plaintiff to advance his position. Plaintiff only filed his response to the Motion, without seeking leave from the Court first, because the Court issued a **fourth** warning that continued failure to litigate these claims would result in dismissal. By entering an appearance to defend the action and drafting motions in response to Plaintiff's Complaint, Defendants have expended, at least, a moderate amount of resources to aid their defense. This factor, therefore, also weighs in favor

of dismissal.

The third factor weighs heavily in favor of dismissal because of the Court's previous instructions to Plaintiff on his responsibility to pursue his claims. The Court allowed Plaintiff's case to proceed after Plaintiff's counsel informed the Court back in December 2024 of "recent health problems." *See* ECF No. 6, PageID.27. However, counsel assured the Court that he "obtained the commitment of an experienced [a]ttorney, to serve as co-counsel" which presumably would prevent further delay. *Id.* Despite the Court's leniency, no co-counsel ever filed an appearance, and counsel again had to be show caused multiple times for failure to take action. As the Court already mentioned, Plaintiff was warned on **four** separate occasions within the past two years that his inaction could result in dismissal if it continued. To no avail.

The Court's most recent Order to Show Cause required Plaintiff to explain to the Court why it should not dismiss the case for Plaintiff's failure to respond to the Summary Judgment Motion or to otherwise litigate this case for the past seven months. *See* ECF No. 34. Plaintiff's response to the Order once again attributed his failure to respond to the Motion to recent health issues and stated that he was implementing certain medical interventions and seeking additional assistance from co-counsel to prevent further delays. ECF No. 36, PageID.288. The Court is not convinced. Plaintiff's response to the Defendant's Motion was improperly filed the

same day as a last-ditch effort to comply with the Court's numerous warnings about Plaintiff's inaction. *See* ECF No. 36. And even that was done improperly, without leave of the Court or stipulation from the opposing party. Given the repeated delays despite Plaintiff's similar assurances almost two years ago, the Court finds Plaintiff's response disingenuous and insufficient to justify Plaintiff's conduct in this case, warranting dismissal.

The fourth factor also clearly weighs in favor of dismissal. The Court has already been extremely generous in granting Plaintiff additional chances to pursue these claims, to no avail. Only after the Court prompts counsel with orders to show cause is this case pursued. That is simply unacceptable. The Court has considered all options and believes dismissal is the only "appropriate remedy available," under these circumstances. Due to Plaintiff's repeated failures to comply with the Federal and Local Rules, this Court's orders, and even the most basic case management obligations, the Court finds that imposing or considering lesser sanctions would be of no utility.

**III.**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 32) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: August 21, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge